MANUEL AND GABRIELA AROUCA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Arouca v. Commissioner
Docket No. 6928-92
United States Tax Court
T.C. Memo 1993-260; 1993 Tax Ct. Memo LEXIS 262; 65 T.C.M. (CCH) 2951; June 14, 1993, Filed *262 An appropriate order of dismissal for lack of jurisdiction on the ground that the petition was not timely filed will be entered. For petitioners: Terry Philip Segal and John A. Birknes, Jr. (specially recognized). For respondent: Robert M. Finkel. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Stanley J. Goldberg pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. Unless otherwise indicated, section references are to the Internal Revenue Code as in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: This case is before us on respondent's motion to dismiss for lack of jurisdiction, filed April 23, 1992. Subsequently, on September 21, 1992, respondent filed an amended motion to dismiss for lack of jurisdiction correcting two typographical errors on page 2 of the April 23, 1992, motion. Respondent's position is that the Court lacks jurisdiction because petitioners failed to file a timely petition *263 within the meaning of section 6213(a). On May 13, 1992, in a notice of objection to respondent's motion, petitioners raised the issue as to whether the notice of deficiency was sent to Gabriela Arouca's last known address, as provided by section 6212(b)(1). On brief, petitioners concede this issue, but argue that their petition was timely because they filed it within the 150-day deadline, as provided in section 6213(a), in a case in which the notice is addressed to a person outside the United States. The evidence in this case consists of oral testimony and exhibits received at hearings held in Boston, Massachusetts. Petitioner Manuel Arouca resided in North Dartmouth, Massachusetts, when he filed the petition in this case. It is unclear from the record where petitioner Gabriela Arouca resided at the time the petition was filed. Respondent determined the following deficiencies in, and additions to, petitioners' Federal income taxes: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6661
6653(a)(1)
6653(a)(2)
1982
$ 55,046
$ 13,762
$ 2,752
[1]
1983
2,947
-- 147
[1]
1984
3,610
-- 181
[1]
1985
15,697
3,924
785
[1]
*264 The issue for decision is whether petitioners filed their petition within the time prescribed by sections 6213(a) and 7502. On December 26, 1991, respondent mailed petitioners a notice of deficiency by certified mail, addressed to them at 34 Alice Street, North Dartmouth, Massachusetts 02747-1916. The petition in this case was received by the Tax Court on March 31, 1992, 95 days after the mailing of the notice of deficiency. The envelope in which the petition was mailed bears a private postage-meter date of March 25, 1992, which was a Wednesday. The envelope also bears a U.S. postmark of March 28, 1992, which was barrel-stamped by hand. March 28, 1992, a Saturday, is 92 days after the mailing of the notice of deficiency. Raymond H. Verno, Manager of Logistics and Distribution Systems for the United States Postal Service in Providence, Rhode Island, maintains statistics for the Postal Service. [1] He testified that, according to Postal Service procedure, if a postal employee notices that a piece of mail bears a prior date printed by a private postal meter, he or she is instructed to put the current date on it in order to enable the Post Office to maintain accurate statistics *265 on delivery of mail. The envelope in which petitioners' petition was mailed bears a March 25, 1992, private postage-meter date with a serial number of the postage meter: H METER 385711. A license for this postal meter is held by David G. Prentiss, an attorney whose address is the same as petitioners' attorney, John A. Birknes, Jr. Manuel Arouca (hereinafter referred to as petitioner) testified that, while he did not remember who had prepared his petition, he remembered traveling to the New Bedford Post Office to mail the petition and that, as the Post *266 Office was closed for the night, he deposited the envelope containing the petition in the mailbox outside. He does not remember when he mailed the petition. Petitioner is a U.S. citizen, born in Portugal; he emigrated first to Brazil and then to the United States in 1959 at the age of 37. He worked initially in New York in construction and then as a fisherman sailing out of New Bedford, Massachusetts. There the fishing industry is carried on primarily by Portuguese. He speaks and reads Portuguese, but expresses himself with difficulty in English. He does not read English well enough to understand the notice of deficiency. The deficiencies were determined by respondent in this case after petitioner pled guilty to 16 counts of fraud and conspiracy to defraud in the case of United States v. Arouca, No. CR 90-10094-H-01, in the United States District Court for the District of Massachusetts. Petitioner pled guilty to defrauding the New Bedford Fishermen's Pension Fund (the Pension Fund) by understating his fishing income, and hence his contributions to the Pension Fund, which were fixed at 2.5 percent of the gross receipts of each fishing trip. He was sentenced to 3 years' *267 probation on February 4, 1991. Petitioner testified that, in approximately February 1988, his wife went to Portugal and has lived there ever since with her mother, except for a 3-week period in approximately March 1989, when she returned to the United States. Petitioner's passport indicates that he visited Portugal in 1987, 1989, and 1992, and that he visited Brazil in 1989. Petitioner presented no other evidence of his wife's sojourn in Portugal. Respondent's determinations are presumed to be correct. Petitioner has the burden of proving them to be erroneous. Rule 142(a); . The jurisdiction of this Court is governed by statute. Sec. 7442. It is well established that to maintain an action in this Court, there must be a valid notice of deficiency and a timely filed petition. Secs. 6212 and 6213; ; ; . A valid notice of deficiency has been issued if it is mailed to the taxpayer's *268 last known address by certified or registered mail. Sec. 6212(a) and (b). After the date of mailing of the notice of deficiency, the petition must be filed with this Court within 90 days, or within 150 days "if the notice is addressed to a person outside the United States". Sec. 6213(a). When a joint notice of deficiency is sent to a husband and wife, both husband and wife have 150 days within which to file a petition if either of them was out of the country when the notice of deficiency was mailed. . Filing is completed when the petition is received by the Court, unless the exception for timely mailing as timely filing, provided in section 7502, applies. ; . Section 7502(a)(1) provides as a general rule that, if the petition is delivered to the Tax Court by U.S. mail in an envelope properly addressed, postage prepaid, "the date of the United States postmark stamped on the cover" in which such petition is mailed "shall be deemed to be the date of delivery" *269 of the petition to the Court, and hence the filing date. See also sec. 301.7502-1(c), Proced. & Admin. Regs. The regulations interpreting this provision state that, if the envelope bears a postmark made by the United States Postal Service as well as a postmark not so made, "the postmark which was not made by the United States Post Office shall be disregarded", and whether the envelope was timely mailed is determined solely by applying the rule of timely mailing as timely filing expressed in section 7502(a)(1) and regulations thereunder. Sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. The U.S. postmark on the petition in this case was March 28, 1992, 92 days after the mailing of the notice of deficiency. Consequently, petitioners' petition was not mailed within the 90-day period specified in section 6213(a). Under these facts, the presence of a private postmark of March 25, 1992, on the envelope in which the petition was mailed does not enable petitioners to benefit from the rule of timely mailing as timely filing under section 7502(a)(1). Petitioners may still invoke the jurisdiction of this Court by a timely filed petition if they qualify for the 150-day filing period *270 applicable when the notice is addressed to a person outside the United States. Sec. 6213(a). Petitioner's passport indicates that he visited Portugal in 1987, 1989, and 1992. He testified that his wife was in Portugal on December 26, 1991, and has been residing there, with the exception of a 3-week visit to the United States, since early 1988. Petitioner produced no other evidence that his wife was in Portugal. Petitioner's testimony contained a number of contradictions, incorrect statements, and inexplicable failures of memory, as a result of which we are not inclined to accept his testimony without additional corroborating evidence. At the first hearing petitioner testified that he had sent the petition to Portugal for his wife to sign. Two days later he testified that, due to the pressure of time in filing the petition, he had signed his wife's name and that she had authorized him to do so in a telephone conversation. A signature purporting to be that of petitioner Gabriela Arouca appears on the petition and also on petitioners' notice of objection, dated May 11, 1992. We cannot determine whether these signatures are genuine, but they are clearly by the same hand. The *271 very distinctive signature of petitioner Manuel Arouca appears on these two documents, on the copy of his passport which was received into evidence, and on his joint 1990 Federal income tax return. His wife's signature, appearing on the 1990 return as Maria G. Arouca, may be by the same hand as the other two signatures, but the reproduction is unclear. Petitioner initially testified that he did not remember who prepared the petition, but later stated it was prepared by his lawyer. Petitioner also denied having anything to do with a labor union for the last 10 years, though the charges to which he pled guilty involved defrauding the Pension Fund of the International Brotherhood of Teamsters, Local 59, for tax years 1983, 1984, and 1985. In view of these multiple inconsistencies, petitioner has failed to convince us of his truthfulness. Consequently, his failure to bring forth sufficient evidence, beyond his own testimony, of his wife's presence in Portugal in December 1991 is damaging. The fact that petitioner himself visited Portugal in 1992 is not persuasive evidence of his wife's presence there. We conclude that petitioner has not carried his burden of proof in establishing *272 that his wife was in Portugal in or after December 1991, and we so hold. Petitioners therefore do not qualify for the 150-day filing period, but rather for the 90-day filing period. See sec. 6213(a). Consequently, petitioners' petition was untimely, and this Court lacks jurisdiction. Respondent's amended motion to dismiss for lack of jurisdiction will be granted. To reflect the foregoing, An appropriate order of dismissal for lack of jurisdiction on the ground that the petition was not timely filed will be entered. Footnotes
1. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules or regulations.↩
1. Raymond H. Verno is responsible for maintaining statistics on the average delivery time of mail from stations including that in New Bedford, Massachusetts. He testified that 80 percent of the pieces of mail deposited in the New Bedford, Massachusetts, Post Office will be delivered to Washington, D.C., within 2 working days. If a piece of mail is received on a Saturday, there is an approximately 85-percent probability that it will be delivered the following Monday.↩